FILED ___ ENTERED
___ LODGED ___ RECEIVED

APR 08 2010

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND/GREENBELT

**EDMUND AWAH**     *

    Plaintiff,     *

v.     * Civil Action No.   **RWT 10 CV 0885**

**MIDLAND CREDIT**     *
**MANAGEMENT OF AMERICA**
        *
    Defendant.
* * * * * * * * * * * *

### COMPLAINT

1. Edmund Awah , Pro Se, sues the Midland Credit Management of America and for this Complaint, says:

### A. PARTIES

2. Edmund Awah ("Mr. Awah" or "Plaintiff" hereinafter), is a natural person who resides in the City of Montgomery County, Gaithersburg, State of Maryland, and is a consumer as the term is defined by 15 U.S.C. Section1692a(3).

Midland Credit Management of America ("MCM" or "Defendant" hereinafter),is a collection agency operating from an address of P O Box 603, Oaks, PA 19456 and is a "debt collector" as the term is defined by 15 U.S.C. section 1692a(6).

### B. JURISDICTION

3. The court has jurisdiction over this lawsuit because the action arises under 28 U.S.C. Section 1331 and pursuant to 15 U.S.C. Section 1692k(d).

This action arises out of violations of the Fair Debt Collection Practice Act, 15 U.S.C. Section 1692 by the Defendant in its illegal efforts to collect consumer debt.

### C. VENUE

4. Venue is proper in this District Court under Section 2000e5(f)(3) because the unlawful debt

collection practices were committed in respect of a subject resident in Maryland, all records related to the violation are located in this district and Defendant transacts business nationwide, including Maryland.

### D. FACTS COMMON TO ALL COUNTS

7. Plaintiff applied for and obtained a Bank of America Credit Card (No. 4427 1030 2467 5448), (" card" hereinafter) in 2005.

8. Plaintiff effected various transactions on the card and made timely payments in response to all bills sent to Plaintiff.

9. About three months into the use of the card, Plaintiff received a call from Credit Card Insurance Protection Company ("company" hereinafter). The caller solicited Plaintiff's business by offering Plaintiff an Insurance Protection Plan ("plan" hereinafter).

10. The plan was to protect Plaintiff against unforeseen circumstances such as protracted illness, loss of employment, etc in which case the insurance plan would pay up the balance on the card account.

11. The company did not send any paper documentation on the insurance plan offer such as an information brochure on the insurance plan or forms to be completed in order to sign up. The entire transaction was completed on the telephone and almost immediately, the company started charging monthly the insurance premium to Plaintiff's card account.

12. In July 2006, Plaintiff's employment was terminated. Plaintiff contacted the company to request payment of the card's balance, consistent with the terms of the insurance policy.

13. The company mailed relevant documentation and forms to Plaintiff. Plaintiff completed the forms and promptly mailed them to the company.

14. On receiving the forms, the company paid only part of the balance, reneging on their legal obligations to pay off the balance due on the account in the event of a job loss, pursuant to the terms of the insurance policy.

15. The balance on the account by then was about $1500. The company, clearly reneging on the obligations requested plaintiff to pay part of the balance as they suspected Plaintiff had landed a new job.

16. Plaintiff informed the company that he was still unemployed and that the company should live up to its legal obligations and pay off the balance to Bank of America. The company refused to pay. Plaintiff also refused to pay.

17. Bank of America passed the debt on to a collection agency and between 2007 and until now, no fewer than five collection agencies, contacted and harassed Plaintiff over the debt. The explanation offered to all the collection agencies was consistent; that Plaintiff paid all his premiums on the protection policy and the legal obligations to pay off the debt lies with the company and NOT Plaintiff. All the collection understood Plaintiff's position and ceased all collection activity.

18. Then came in Defendant, a notorious debt scavenger, known nationwide as a digger of ancient and stale debts. Defendant called Plaintiff about the debt. The very explanation Plaintiff gave to the previous collection agencies, and consequently ceased collection activities, was offered to Defendant.

19. Defendant refused to accept the explanation and proceeded to file a derogatory report on Plaintiff's credit file.

20. The conduct of Defendant in harassing Plaintiff in an effort to collect this debt by repeatedly engaging in phone calls and verbally abusing Plaintiff was a violation of numerous and multiple provisions of the Fair Debt Collection Practices Act ("FDCPA" hereinafter) including but not limited to 15 U.S.C. Sections 1692d, 1692e, 1692e(5), 1692e(7), 1692e(10), and 1692f, amongst others.

21. Defendant filed a derogatory report on Plaintiff's credit file, despite Plaintiff's persistent warnings that Plaintiff does not owe the debt, in violations of several sections of the FDCPA 1692.

22. Defendant inflated the true amount of the debt in filing the derogatory report, in violation of several sections of FDCPA 1692.

23. Defendant violated sections of FDCPA 1692 by failing to provide verification of the debt five days after the first phone call.

24. Defendant violated sections of FDCPA 1692 by failing to provide validation of the debt, despite the fact that Plaintiff has sent two written formal requests for validation/verification.

### E. SUMMARY

25. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and work place

### F. PRAYER FOR RELIEF

26. WHEREFORE, Plaintiff prays that judgment be entered against Defendant.

### G. CAUSES OF ACTION

### H. COUNT 1
### VIOLATION OF FDCPA, 15 U.S.C. SECTION 1692 *et. Seq.*

27. The Plaintiff realleges and incorporates by reference paragraphs 1 through 26 with equal force as if they were repeated here.

28. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA 15 U.S.C. 1692 *et seq*.

29. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. Section 1692k(a)(1);

(a) for an award of actual damages pursuant to 15 U.S.C. Section 1692k(a)(1) against Defendant.

(b) for an award of statutory damages of $1 000 pursuant to 15 U.S.C. Section 1692k(a)(2)(A) against Defendant.

(c) for an award of costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. Section 1692(k)(a)(3) against defendant

## COUNT II
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

30. The plaintiff realleges and incorporates by reference paragraphs 1 through 29 with equal force as if they were repeated here.

31. Defendant intentionally interfered physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the plaintiff.

32. Defendant intentionally caused harm to plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

33. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion and/or private concerns or affairs.

34. These intrusions and invasions by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

35. As a result of such violations and invasion of privacy, Plaintiff suffered emotional distress and consequently, Plaintiff is entitled to actual damages in an amount to be determined at trial from defendant.

36. Plaintiff is entitled to such other and further relief as may be just and proper.

Edmund Awah
P O Box 2944
Montgomery Village, MD 20886
Tel: 301 254 7362
Plaintiff in *Pro Se*