# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **EDMUND AWAH**, | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. RWT-10-00885 |
| **MIDLAND CREDIT MANAGEMENT OF AMERICA** | * |
| Defendant. | * |

## MEMORANDUM OPINION

On April 8, 2010, Edmund Awah filed a *pro se* Complaint alleging that Midland Credit Management violated the Fair Debt Collection Practice Act, 15 U.S.C. § 1692, and committed an intrusion upon Plaintiff's seclusion. Compl. ¶ 3, 31 (ECF No. 1). Most significantly, Plaintiff alleges in his Complaint that Defendant "harass[ed] Plaintiff . . . by repeatedly engaging in phone calls and verbally abusing Plaintiff . . . [in violation of] multiple provisions of the Fair Debt Collection Practice Act . . . including but not limited to 15 U.S.C. [§§] 1692d, 1692e, 1692e[(5, 7, 10)], and 1692f." Compl. ¶ 20.

Plaintiff also alleges that Defendant filed a derogatory report on Plaintiff's credit file and inflated the true amount of the debt owed "in violation of several [provisions of §] 1692." Compl. ¶ 19, 21, 22. Plaintiff also alleges that Defendant failed to provide "verification" and "validation" of the debt under unspecified Sections of 1692. Compl. ¶ 23, 24. Plaintiff also alleges in his Complaint that he does not owe the debt because he had an insurance policy that promised to pay the balance on the credit card in the event of job loss, which occurred. Compl. ¶¶ 9-14.

On June 15, 2010, Defendant filed a Motion to Dismiss. Def.'s Mot. to Dismiss (ECF No. 8). In its Motion, Defendant argued that Plaintiff merely stated that Defendant violated unspecified provisions of § 1692 without providing facts to support those allegations, other than by

merely paraphrasing the elements of § 1692's provisions as facts, such as stating that Defendant harassed and abused Plaintiff. Def.'s Mot. at 4-5.

On July 7th, 2010, Plaintiff filed a Motion Opposing Defendant's Motion to Dismiss, or, in the Alternative, Motion to Grant Leave of Court to Amend Complaint. Pl.'s Opp'n to Def.'s Mot. to Dismiss (ECF No. 10). On July 20th, 2010, Defendant filed a reply brief. Def.'s Reply (ECF No. 12).

The Court concludes that the Complaint fails to state a § 1692 claim upon which relief can be granted. Accordingly, the Court will, by separate order, grant Defendant's Motion to Dismiss and grant Plaintiff's Motion for Leave of Court to Amend Complaint.

I. Motion to Dismiss Pursuant to Fed. Rule of Civ. P. 12(b)(6)

    a. Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may file a motion to dismiss a claim or claims asserted in a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court declared that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court clarified, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." -- U.S. --, 129 S.Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do.")).

The Court must consider all well-pleaded allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff, *see Lambeth v. Bd. of Comm'rs of Davidson County*, 407 F.3d 266, 268 (4th Cir. 2005), in determining whether Plaintiff stated an actionable legal claim. Nevertheless, the Court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), conclusory allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted).

Plaintiffs appearing *pro se* should be given some leniency under the Federal Rules relating to pleading; "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *accord Haines v. Kerner*, 404 U.S. 519, 520 (1972). When a district court examines a *pro se* complaint, it should consider not only the facts alleged, but also "the set of facts which the plaintiff might be able to prove." *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, the court may not assume the role of advocate or "construct . . . claims from sentence fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *accord Gordon*, 574 F.2d at 1151.

    a. <u>Plaintiff Fails to State § 1692 Claims</u>

Plaintiff claimed that Defendant violated the Fair Debt Collection Practice Act, 15 U.S.C. § 1692. Compl. ¶ 3.

15 U.S.C. § 1692c provides that a debt collector may not communicate with a consumer at an unusual or inconvenient time or place, such as between 9pm and 8am or "at the consumer's place of

employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." Plaintiff has failed to allege where or at what time the collector called. Therefore, the Plaintiff did not plead enough facts on this issue to state a plausible claim for relief.

15 U.S.C. § 1692d provides: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Plaintiff notes that Defendant "harass[ed]" and "verbally abused" Plaintiff with repeated phone calls, but failed to allege the specific statements that would constitute harassment such as use of specific profane language or a statement that would demonstrate an intent to annoy. Stating that the Defendant harassed and abused Plaintiff is merely "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Therefore, the Plaintiff did not plead enough facts on this issue to state a plausible claim for relief.

15 U.S.C. § 1692e provides that the collector may not provide misleading representations such as threatening to take actions that cannot be taken, § 1692(e)(5), or falsely implying that the consumer committed a crime, § 1692(e)(7). Plaintiff failed to allege the threat of what action or implication of what crime Defendant made. Therefore, the Plaintiff did not plead enough facts on this issue to state a plausible claim for relief.

15 U.S.C. § 1692f provides a list of a variety of unfair practices. Plaintiff fails to allege which of the provisions of §1692f the Defendant has violated and with what specific action.

Plaintiff also alleges that Defendant filed a derogatory report on Plaintiff's credit file and inflated the true amount of the debt owed "in violation of several [provisions of §] 1692." Compl. ¶ 19, 21, 22. Plaintiff failed to allege to which provision of § 1692 the Plaintiff is referring; this Court

4

cannot locate a provision that grants relief for filing a derogatory report and inflating the amount of debt owed.  Therefore, the Plaintiff did not plead enough facts on this issue to state a plausible claim for relief.

Plaintiff also alleges that he does not owe the debt because he had an insurance policy that promised to pay the balance on the credit card in the event of job loss, which occurred.  Compl. ¶¶ 9-14.  However, that is an issue between the Plaintiff and his insurance company, not an allegation against the Defendant under § 1692.  Therefore, the Plaintiff did not plead enough facts on this issue to state a plausible claim for relief against Defendant.

Plaintiff also alleges that Defendant failed to provide "verification" and "validation" of the debt under unspecified Sections of 1692 "despite the fact that Plaintiff has sent two written formal requests for validation/verification."  Compl. ¶ 23, 24.  This likely refers to § 1692g.  Section 1692g(a)(4) provides that "if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt . . . and a copy of such verification . . . will be mailed to the consumer."  Plaintiff here failed to allege that these letters disputed the debt and failed to allege the applicable provision.  Under the lower pleading standards of a *pro se* plaintiff, and considering Defendant's acknowledgement that the letters disputed the debt, Def.'s Mot. at 5, this failure by itself would not result in dismissal of a claim.  However, Plaintiff also failed to allege that these letters were sent within 30 days after Defendant communicated the right to dispute the debt as required by § 1692g.

Furthermore, in order to establish any violation under § 1692, the debt must be a consumer debt as defined in § 1692a(5); Plaintiff failed to plead that the debt is a consumer debt because he did not allege facts that show a primarily personal, family, or household purpose for the debt (for

5

example, that he primarily used the debt to buy a TV for his house). Therefore, no violation of § 1692 can be established.

b. <u>Plaintiff Met Lower *Pro Se* Standard for Claiming Intrusion Upon Seclusion</u>

Plaintiff also claimed that Defendant intruded upon the seclusion of Plaintiff, Compl. ¶ 31, (which is a torts claim and therefore this Court would apply state law to its resolution, contrary to Pl.'s Opp'n ¶ 13). The Court of Appeals of Maryland noted the following about intrusion upon seclusion claims against debt collectors:

> As a prelude to a discussion of 'Unreasonable Intrusion,' we call to mind that we have elsewhere stated that the question of how far a creditor may go to collect his debt must be decided on the individual facts of each case, but usually on the ground of reasonableness. It is generally recognized that a creditor has a right to take reasonable measures to pursue his debtor and persuade payment, although the steps taken may result in some invasion of the debtor's privacy.

*Bailer v. Erie Ins. Exchange*, 687 A.2d 1375, 1389 (Md. 1997) (*quoting Household Fin. Corp. v. Bridge,* 250 A.2d 878, 884 (Md. 1969) (holding that the sporadic nature of the five or six calls to the plaintiff over an 11 month period overcame the otherwise possibly objectionable statements such as that the debt will ruin the plaintiff's reputation and cause the plaintiff to lose her job or go to jail)).

Unlike § 1692, which specifically delineates factual scenarios that are violations of § 1692, an intrusion upon seclusion may include a variety of factual scenarios. Plaintiff alleges that Defendant tried to "collect this debt by repeatedly engaging in phone calls and verbally abusing

6

Plaintiff." Compl. ¶ 20. Because this Court can consider what a *pro se* plaintiff "might be able to prove," *Gordon*, 574 F.2d at 1151, and allegations of repeated calls and verbal abuse indicate that Plaintiff "might be able to prove" an unreasonable intrusion, Plaintiff has met the lesser pleading standards of a *pro se* plaintiff.

Nonetheless, because § 1692 sets forth more specific factual scenarios that constitute a violation, a general allegation of abuse is insufficient to meet even a *pro se* plaintiff's lower pleading standard for a § 1692 violation. Rather, Plaintiff would need to specify what behavior of the Defendant allegedly violated which sections of § 1692. Therefore, while this Plaintiff satisfied the lower *pro se* pleading standards for the more general tort of intrusion upon seclusion, he did not satisfy those pleading standards for the more specific § 1692.

II. Request for Leave to Amend Pursuant to Fed. Rule of Civ. Proc. 15(a)

Fed. Rule of Civ. Proc. 15(a) declares that leave to amend "shall be freely given when justice so requires." The Supreme Court has expressed a rule of liberality in granting leave to amend pleadings, stating:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962). A motion for leave to amend should be liberally granted to *pro se* plaintiffs if there are insufficiencies in the pleading, even if the motion for leave does not

offer proposed amendments. *Gordon*, 574 F.2d at 1152 ("[W]e think that it was error to deny a *pro se* civil rights litigant leave to amend his complaint even though he did not state in his motion for leave how he would cure the deficiencies in his pleading.").

Here, Defendant Midland Credit Management asserts a technicality, failure to comply with Local Rule 103, to argue that Plaintiff should not be permitted to amend his complaint. Def.'s Reply at 1. However, with *pro se* plaintiffs, technicalities do not prevent the Court from granting leave to amend (and would not prevent the Court from proceeding without an amendment). *Gordon v. Leeke*, 574 F.2d at 1151. Nonetheless, when the Plaintiff files his amended complaint, he must comply with Local Rule 103.6(c), which provides that the plaintiff who files an amended complaint shall file both a clean version of the complaint and a version that indicates which lines of text of the original complaint were deleted and which lines added.

## **CONCLUSION**

Therefore, by separate order, Defendant's Motion to Dismiss shall be granted, Plaintiff's Complaint shall be dismissed without prejudice, and Plaintiff shall be granted leave to file an amended complaint on or before November 15th, 2010 that complies with the Federal Rules of Civil Procedure and corrects the deficiencies discussed in this Memorandum Opinion.

Date: October 14, 2010

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE