**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **EDMUND AWAH,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: RWT 10cv885 |
| **MIDLAND CREDIT MANAGEMENT OF AMERICA,** | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Plaintiff Edmund Awah's ("Awah") *pro se* complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Fair Credit Reporting Act, 15 U.S.C. § 1681 by Defendant Midland Credit Management of America ("Midland"). For the reasons stated below, the Court will grant Midland's motion to strike Awah's amended complaint and direct the Clerk to close this case.

### BACKGROUND

By memorandum opinion dated October 14, 2010, the Court dismissed Awah's complaint for failure to state a claim. *See Awah v. Midland Credit Management of America*, No. RWT 10-00885 at *8 (D. Md. Oct. 14, 2010). Pursuant to the Court's October 14 order, Awah's sole opportunity to revive this case was to file an amended complaint on or before November 15, 2010. *See* ECF No. 17.

On November 15, 2010, Awah mailed his amended complaint, and an accompanying motion for leave to amend, to counsel for Midland and the Clerk of the Court. *See* ECF No. 19.

Predictably, the amended complaint and accompanying motion were not received by the Clerk of the Court until November 16, 2010, one day after the Court imposed deadline. *See id.*

On November 30, 2010, Midland filed a Motion to Strike Plaintiff's Motion to File an Amended Complaint and/or Motion to Dismiss Complaint, which Awah opposed. Midland urges the Court to strike Awah's amended complaint and dismiss the case for failure to file by the date specified in the Court's order. *See* Def.'s Mot. to Strike, ECF No. 20. Awah responds that he fully complied with the Court's order because he *mailed* the motion first class, return receipt requested, on the Court imposed deadline. *See* Pl.'s Opp'n Def.'s Mot. to Strike, ECF No. 21 (emphasis added). Awah also requests the issuance of a scheduling order in this case. *See* ECF No. 22.

## ANALYSIS

As an initial matter, the Court previously granted Awah leave to file an amended complaint on or before November 15, 2010. *See* ECF No. 17. Thus, Awah's motion for leave to file an amended complaint will be denied as moot.

In regard to the timing of the filing of the amended complaint, Awah misunderstands the law. Awah does not dispute that the district court received his amended complaint one day after the court imposed deadline; he merely contends that he was in full compliance with the court's order because he *mailed* his amended complaint on the specified date. *See* Pl.'s Opp'n Def.'s Mot. to Strike. However, with the exception of incarcerated individuals, a civil litigant's pleading is not considered filed until *receipt* by the district court. *See, e.g., Stone Street Capital, Inc. v. McDonald's Corporation, et al.*, 300 F. Supp. 2d 345, 347 (D.Md. 2003) (explaining that "[f]iling . . . is not complete until the document is delivered *and received*" and that the "mailbox rule" for filing is limited to prisoners housed in penal institutions) (emphasis added); *see also*

*Greeson v. Sherman*, 265 F.Supp. 340, 342 (W.D. Va. 1967) (finding that a complaint is filed when "the complaint is delivered to an officer of the court who is authorized to receive it"); Fed. R. Civ. P. 5(d)(2) ("A paper is filed by delivering it to the clerk. . .").

The Court's October 14 order clearly states that Awah was to "file" any amended complaint on or before November 15, 2010. ECF No. 17. Awah admittedly failed to do so, opting instead to drop it in the mail on the court imposed deadline. "Having chosen to transmit the [amended] complaint by mail service, [Awah] assumed the risk of any untimely delivery and filing of [his amended complaint]." *In re Bad Bubba Racing Products, Inc.,* 609 F.2d 815, 816 (5th Cir. 1980) (concerning the filing of a notice of appeal in the context of a bankruptcy proceeding); *see also Clark v. Paragon Systems, Inc.*, No. 06-30934, 2007 WL 1026447, at *1 (5th Cir. April 3, 2007) (applying the same "well settled principle" to a *pro se* litigant's filing of a complaint). Moreover, despite being a veteran *pro se* litigator[1] and having been afforded ample opportunity to do so, Awah has neither offered an explanation for his tardiness, nor has he requested leave to file his amended complaint out of time.

Requests for an extension after a deadline has passed are governed by Fed R. Civ. P. 6(b)(1)(B), which provides that a court may, for good cause, "extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." The Fourth Circuit has noted that " '[e]xcusable neglect' is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996).

In determining whether neglect is excusable, "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the

---

[1] *See* ECF No. 21, Ex. 1, 2.

reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380, 395 (1993).  The most important of the factors identified in *Pioneer* for determining whether neglect is excusable is the untimely party's reason for delay.  *Thompson*, 76 F.3d at 534; *see also United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) ("[T]he *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import.")

Here, the only excuse given for the delay, if any, is that Awah mailed the amended complaint by the Court imposed deadline.  *See* Pl.'s Opp'n Def.'s Mot. to Strike 1.  Even if the other *Pioneer* factors counsel in favor of Awah, his failure to *file* by the court ordered deadline is not excusable for the reasons stated above.  Moreover, the amended complaint was not even complete as filed.  Awah states in his motion for leave to file the amended complaint that "[r]elevant exhibits will reach the court at the appropriate time." ECF No. 18.  As clearly stated in the Court's October 14 order, the appropriate time to file the amended complaint, and to attach any exhibits thereto, was November 15, 2010.  Awah not only failed to meet this deadline, he has yet to file the promised exhibits to his amended complaint over ten months later.  Although pleadings prepared by *pro se* litigants are to be liberally construed, the same cannot be said for the interpretation of procedural rules in ordinary civil litigation.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## CONCLUSION

Accordingly, the Court will, by separate order, deny as moot Awah's motion for leave to file an amended complaint, grant Midland's motion to strike Awah's untimely amended complaint, deny as moot Awah's motion requesting the issuance of a scheduling order, and direct the Clerk of the Court to close this case.

Date: Aug 24, 2011

Roger W. Titus
United States District Judge